UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Alamite Ventures LP,**<br>    a Scottish limited partnership,<br><br>    Plaintiff,<br><br>v.<br><br>**Matvil Corporation (d/b/a ETVNET)**,<br>    an Ontario, Canada corporation,<br>**Mikhail Gayster**, an individual,<br>**Nataliya Viktorova**, an individual,<br><br>    Defendants. | Case No.: 17-12468<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Alamite Ventures LP, by and through its undersigned counsel, seeks damages and injunctive relief against Defendants for engaging in a conspiracy and engaging in unlawful, unfair, and deceptive trade practices by distributing stolen and illegally copied copyrighted content (movies, television shows, etc.) through multiple distribution channels including Roku and Internet websites.

### Introduction

1. Defendants (the "eTVnet Conspirators") are a group of entities and individuals who have conspired together to engage in unlawful and deceptive trade practices in order to unfairly gain an advantage over their competitors.

2. The eTVnet Conspirators have, moreover, by their actions and omissions, knowingly engaged in practices that place their customers at risk of serious liability for using their copyright infringing products and services.

1

3.  The eTVnet Conspirators own and operate a service and website called eTVnet, which is a streaming video service that they offer to Russian speakers in the United States and elsewhere through numerous distribution channels such as Roku and Internet websites.

4.  However, unbeknownst to their customers, the eTVnet Conspirators have populated their streaming video service with stolen and infringing copyrighted content.

5.  On information and belief, the eTVnet Conspirators have illegally copied thousands of movies and are distributing them to paying customers illegally.

6.  By populating their streaming video service with stolen, illegally copied, and infringing copyrighted content, the eTVnet Conspirators have unlawfully and unfairly gained an advantage over their competitors, including Plaintiff.

## The Parties

7.  Plaintiff Alamite Ventures LP, is a limited partnership registered in Scotland ("Plaintiff").  Plaintiff does business in the United States, including in the Commonwealth of Massachusetts.  Plaintiff offers video streaming service at the Internet website TUA.tv.

8.  Upon information and belief, Defendant Matvil Corporation is a company registered and incorporated in Ontario, Canada ("Matvil").  Matvil does extensive business in the Commonwealth of Massachusetts.

9.  Defendant Mikhail Gayster is an individual who, upon information and belief, resides in Richmond Hill, Ontario, Canada.  Upon information and belief, Mr. Gayster is an owner, director, officer, manager, employee and agent of Matvil and the guiding spirit and force of Matvil's operations, including those unlawful, unfair and deceptive acts as set forth herein.

10. Defendant Nataliya Viktorova is an individual who, upon information and belief, resides in Richmond Hill, Ontario, Canada.  Upon information and belief, Ms. Viktorova is an

owner, director, officer, manager, employee and agent of Matvil.  Upon information and belief, Ms. Viktorova and Mr. Gayster are married and operate Matvil together.

11.     Plaintiff is informed and believes, and thereupon alleges, that at all times herein mentioned, Ms. Viktorova and Mr. Gayster were agents and employees of Matvil, and in doing the thing hereinafter complained of, were acting within the course and scope of such agency and/or employment and with the knowledge and consent of the remaining defendants.

12.     As used herein, the "eTVnet Conspirators" refers to all the Defendants jointly and severally.

13.     The eTVnet Conspirators own and operate a service and website called eTVnet.com (the "eTVnet Service"), which is a streaming video service that they offer to Russian speakers in the United States and elsewhere.

## Jurisdiction and Venue

14.     Subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1331, giving this Court original jurisdiction in a civil action raising a federal question, 28 U.S.C. § 1338(a), 15 U.S.C. § 1125, and the Copyright Act (17 U.S.C. § 101 *et seq*.).

15.     This Court has personal jurisdiction over the eTVnet Conspirators because they operate and sell the eTVnet Service in the United States and elsewhere, including without limitation, in the Commonwealth of Massachusetts.

16.     Upon information and belief, the eTVnet Service has thousands of customers in the Commonwealth of Massachusetts, each of whom regularly pay the eTVnet Conspirators for access to the eTVnet Service.

17.     The eTVnet Conspirators market the eTVnet Service in the United States and, specifically, the Commonwealth of Massachusetts.  Without limitation, the eTVnet Conspirators

market the eTVnet Service through Russian stores within the Commonwealth of Massachusetts who sign up Russian-speaking customers in the Commonwealth of Massachusetts. Upon information and belief, the eTVnet Conspirators pay these stores in the Commonwealth of Massachusetts so that they can market to the patrons of these stores.

18. The eTVnet Service is by design accessible in the United States through various means, including the eTVnet.com website and the third-party Roku device.

19. The eTVnet Conspirators conduct transactions in the United States by selling the eTVnet Service to customers in the United States, including those in Massachusetts.

20. The eTVnet Conspirators maintain a telephone number explicitly for Boston customers. Specifically, on their website at etvnet.com/en/contact/, the eTVnet Conspirators indicate that customers in the Boston area may call the telephone number +1-617-778-7654, which is a Boston area code. A printout of the website is attached hereto as Exhibit 1.

21. The eTVnet Conspirators maintain a website specifically for Russian television viewers in Boston. Attached hereto as Exhibit 2 is a printout from the eTVnet.com website, which states "Russia-TV Boston – in Boston, like any other US city Russian TV is watched on eTVnet web site. This option is becoming more and more popular with Russian speaking viewers."

22. The eTVnet.com website is hosted by Cloudflare, Inc., which is based in California. Attached hereto as Exhibit 3 is a printout of the WhoIs Record for the domain name, showing that the domain name servers points to Cloudflare.com.

23. On information and belief, the eTVnet Conspirators maintain on Cloudflare's US-based servers databases containing thousands of stolen and illegally copied movies and TV shows.

24. To distribute their stolen and illegally copied content, the eTVnet.com Conspirators use IP addresses owned by Steadfast Networks, LLC which is based in Chicago, Illinois.

25. The eTVnet.com domain name is registered with Enom, Inc., a company based in Kirkland, Washington. The eTVnet.com domain name registration lists an address in Kirkland, Washington. *See* Exhibit 3 hereto.

26. The eTVnet Conspirators distribute stolen and illegally copied content through the Roku network. Roku, Inc. is based in Los Gatos, California.

27. The eTVnet Conspirators charge customers in the United States through, on information and belief, United States credit card processing companies including MasterCard.

28. The eTVnet Conspirators have injured their own customers in the United States, including those in Massachusetts, by selling to the customers an illegal and copyright-infringing product under the guise that it is legal and legitimate, thereby making their customers take part in infringement.

29. The eTVnet Conspirators have injured United States-based copyright owners including, without limitation, HBO, Paramount Pictures, 20th Century Fox, Sony Pictures, Universal Studios, Warner Bros, Walt Disney Studios, Amazon, and Netflix. Given the staggering amount of copyright infringement committed by the eTVnet Conspirators, the damage to United States-based copyright owners easily eclipses $100,000,000.

30. The eTVnet Conspirators stole, illegally copied, distributed and continue to distribute thousands of works having United States copyright registrations.

31. The eTVnet Conspirators have caused injury to Plaintiff, which does business in the United States, including Massachusetts, by way of their unlawful, unfair, and deceptive business practices.

32. The eTVnet Conspirators transact business in Massachusetts by way of their eTVnet Service, business operations, and relationships with customers and affiliates in Massachusetts and the rest of the United States.  The Court has personal jurisdiction over the eTVnet Conspirators, who have engaged in business activities in and directed to Massachusetts, have committed tortious acts within and directed to Massachusetts, and have intended to benefit from their unfair, unlawful and deceptive acts aimed at persons in Massachusetts.

33. Pursuant to 28 U.S.C. § 1391 and Fed. R. Civ. P. 4(k)(2), any alien defendant is subject to jurisdiction in any district.

34. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391.

35. This Court has personal jurisdiction pursuant to 28 U.S.C. §§ 1391 and 28 U.S.C. § 1400.

## Facts

36. The eTVnet Service is a service through which customers can access, stream and view television shows, movies and other audio-visual content.

37. Customers of the eTVnet Service pay the eTVnet Conspirators a monthly subscription fee and other fees to access the eTVnet Service and the television shows, movies and other audio-visual content available thereon.

38. The eTVnet Conspirators deceptively market the eTVnet Service as a legal and fully licensed service, wherein all the content has been legally licensed by the eTVnet Conspirators or is otherwise owned by the eTVnet Conspirators such that they may legally

provide the television shows, movies and other audio-visual content to their customers through the eTVnet Service.

39. However, upon information and belief, the eTVnet Conspirators do not have the proper licenses, ownership rights or other rights to make available certain content on the eTVnet Service that they are distributing through the United States.

40. Specifically, and without limitation, the eTVnet Conspirators have made available through the eTVnet Service, including Roku and the Internet, and accessible in the United States, television shows and movies like the Alien Covenant, Big Sick, Deadpool, War for the Planet of the Apes, House of Cards, Sausage Party, Transformers 3, Ozark, Westworld, Wonder Woman, and the OA, which, upon information and belief, they are not licensed to distribute in the United States (and many of which are exclusively distributed on the Netflix platform).  Attached hereto as Exhibit 4 is evidence of such titles on the eTVnet Service, which are, upon information and belief, not intended by the copyright owner to be available through the eTVnet Service.

41. Many or all of these titles are served from IP addresses registered to Steadfast Networks, LLC, which is based in Chicago, Illinois, or Cloudflare, Inc., which is based in San Francisco, California.  Attached hereto as Exhibit 5 are printouts of information relating to the IP addresses from which some titles are served.

42. On information and belief, the eTVnet Conspirators have pirated or otherwise obtained these unlicensed works without paying any fee to the copyright owners.

43. On information and belief, the eTVnet Conspirators stole and are distributing content belonging to (amongst others) HBO, Paramount Pictures, 20th Century Fox, Sony Pictures, Universal Studios, Warner Bros, Walt Disney Studios, Amazon, and Netflix.

44. On information and belief, the eTVnet Conspirators know that their actions are illegal and have instituted a sophisticated scheme to avoid getting caught.  For example, the eTVnet Conspirators do not allow new users to access the stolen content library until they can verify that the new users are not "spies" or affiliated with content producers or law enforcement.  Users who have been paying users for a sufficiently long amount of time (and are therefore considered "safe" by the eTVnet Conspirators) are given access to the entire library of stolen content.

45. The actions and omissions of the eTVnet Conspirators constitutes infringement of copyrights pursuant to 17 U.S.C. § 101 *et seq*.

46. Because the eTVnet Service's customers are paying to access these infringing works on the eTVnet Service, the eTVnet Conspirators have created the possibility of significant liability for the customers who are now also engaged in copyright infringement when they access, stream and view the unlicensed works.

47. Because the eTVnet Conspirators do not pay licensing fees for the content they make available on the eTVnet Service, the eTVnet Conspirators have gained an unlawful, unfair and deceptive advantage over competitors of the eTVnet Service, including, without limitation, Plaintiff.

48. The eTVnet Conspirators have obtained at least two different unlawful, unfair and deceptive advantages over their conspirators: (a) the eTVnet Service offers content that is not otherwise available to any other service because the copyright owners do not license out the content at all; and (b) the eTVnet Service is priced much lower than any legitimate competitor because the eTVnet Conspirators do not have to factor in licensing fees because they steal the content.

49. Plaintiff is one such competitor to the eTVnet Conspirators.

50. Plaintiff owns and operates TUA.tv, a video streaming service that offers customers thousands of titles, all of which Plaintiff has the right and license to offer its customers.

51. Plaintiff has invested significant sums into building and marketing its TUA.tv service.

52. However, because of the eTVnet Conspirators' actions and omissions as set forth herein, Plaintiff has been unable to fairly compete with the eTVnet Conspirators and the eTVnet Service in the Commonwealth of Massachusetts and the rest of the United States.

## Count I
## Civil Conspiracy

53. Plaintiff repeats, re-alleges, and incorporates each and every allegation of the preceding paragraphs as if set forth herein.

54. The eTVnet Conspirators devised and engaged in a common design amongst themselves and other parties whose identities are only known to the eTVnet Conspirators at this time, with conspirators in the United States, Canada and elsewhere, to commit wrongful acts.

55. As described herein, the eTVnet Conspirators committed tortious and other wrongful acts in furtherance of the common design of the eTVnet Conspirators.

56. Without limitation, the eTVnet Conspirators engaged in acts and omissions in a common design to create an unlawful, deceptive and unfair service, the eTVnet Service, with which lawful and legitimate services like those offered by Plaintiff could not fairly compete.

57. This conspiracy has caused direct harm and damages to Plaintiff for which the eTVnet Conspirators are liable.

## Count II
## Unfair Business Practices, M.G.L. Ch. 93A

58.     Plaintiff repeats, re-alleges, and incorporates each and every allegation of the preceding paragraphs as if set forth herein.

59.     At all relevant times, Plaintiff and the eTVnet Conspirators have been engaged in the conduct of trade and commerce in the Commonwealth of Massachusetts.

60.     By their conduct as set forth herein, the eTVnet Conspirators have willfully and knowingly engaged in unfair and deceptive acts and practices in violation of Massachusetts General Laws, Chapter 93A.

61.     As a result, Plaintiff has suffered harm and damages for which the eTVnet Conspirators are liable.

## Count III
## Violation of 15 U.S.C. § 1125

62.     Plaintiff repeats, re-alleges, and incorporates each and every allegation of the preceding paragraphs as if set forth herein.

63.     The eTVnet Conspirators have, as set forth herein, in connection with the eTVnet Service, used false and/or misleading descriptions of fact and/or false and/or misleading representations of fact.

64.     The eTVnet Conspirators have used these false and/or misleading descriptions and representations of fact in commercial advertising or promotions.

65.     These false and/or misleading descriptions and representations of fact misrepresent the nature, characteristics and qualities of the eTVnet Service.

66.     A set forth herein, Plaintiff has been damaged and/or likely to be damaged by such acts and omissions of the eTVnet Conspirators.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

**REQUESTED RELIEF**

WHEREFORE, Plaintiff prays that this honorable Court grant the following relief:

1. Enter judgment for Plaintiff on all Counts of its Complaint;

2. Award Plaintiff damages and losses as determined at trial, including, without limitation, actual damages, consequential damages, punitive damages, attorneys' fees, multiple damages, interest and costs as provided by law;

3. Award Plaintiff treble damages, attorneys' fees and costs pursuant to Massachusetts General Laws, Chapter 93A;

4. Issue an order enjoining the eTVnet Conspirators from continuing to distribute, sell, stream, or otherwise provide access to content for which they do not have rights to do so;

5. Issue an order enjoining the eTVnet Conspirators from making the eTVnet Service available in the United States; and

6. Grant Plaintiff such other relief as the Court deems just.

Dated: December 14, 2017

Respectfully Submitted,
Plaintiff
By its attorneys,

/s/ Valentin Gurvits
Valentin Gurvits (BBO# 643572)
Matthew Shayefar (BBO# 685927)
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel: (617) 928-1800
Fax: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Evan Fray-Wtizer
Evan Fray-Witzer (BBO # 564349)
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Tel: (617) 426-0000
Fax: (617) 507-8043
evan@CFWLegal.com