### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ALAMITE VENTURES LP,**<br>A Scottish limited partnership<br><br>Plaintiff,<br><br>v.<br><br>**MATVIL CORPORATION (d/b/a ETVNET),**<br>an Ontario, Canada Corporation,<br>**MIKHAIL GAYSTER**, an individual,<br>**NATALIA VIKTOROVA**, an individual,<br><br>Defendants. | Case No.: 1:17-cv-12468 (LTS) |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................ 1

PROCEDURAL HISTORY................................................................................................... 2

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT ........................................................................................................................ 3

    I.    Alamite's Complaint Fails to State a Claim on Which Relief Can Be Granted ................ 3

      A.    Standard ................................................................................................................ 3

      B.    Alamite Fails to State a Claim for Unfair Competition under the Lanham Act ............ 4

          1.    The Lanham Act Does Not Extend to Claims Rooted in Copyright Infringement Claims................................................................................................................... 4

          2.    Alamite's Lanham Act Allegations Are Otherwise Insufficient to State a Claim.... 6

      C.    Alamite's State Law Causes of Action Should Be Dismissed........................................ 8

          1.    If the Lanham Act Claim is Dismissed, This Court Does Not Have Subject Matter Jurisdiction over, and Should Dismiss, the State Law Claims ................................. 8

          2.    Alamite Does Not State a Claim for Civil Conspiracy ............................................. 9

              a.    Alamite's Alleged "Conspiracy of One" Does Not Give Rise to a Cause of Action ................................................................................................................ 9

              b.    Alamite's Conspiracy Claim is Preempted by the Copyright Act...................... 11

          3.    Alamite Does Not State a Massachusetts Unfair Competition Claim ................... 13

    II.    The Court Does Not Have Personal Jurisdiction over the Individual Defendants. .......... 14

      A.    Standard for Personal Jurisdiction ................................................................................ 15

      B.    Personal Jurisdiction Cannot be Asserted Pursuant to Federal Rule of Civil Procedure 4(k)(2)..................................................................................................................... 15

      C.    Alamite Has Not Adequately Alleged Personal Jurisdiction over the Individual Defendants under Massachusetts Law ....................................................................... 17

CONCLUSION..................................................................................................................... 19

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*Agence France Presse v. Morel,*
769 F. Supp. 2d 295 (S.D.N.Y. 2011) ....................................................................... 5

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .................................................................................................. 3

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) .................................................................................................. 3

*Bell v. Rinchem Co., Inc.,*
2014 WL 11290899 (D. Mass. Mar. 10, 2016) .............................................. 9, 10, 11

*Camelio v. Am. Fed'n,*
137 F.3d 666 (1st Cir. 1998) ..................................................................................... 8

*Dastar Corp. v. Twentieth Century Fox Film Corp.,*
539 U.S. 23 (2003) .................................................................................................... 4

*Dutch Jackson IATG, LLC v. Basketball Mktg. Co.,*
846 F. Supp. 2d 1044 (E.D. Mo. 2012) ................................................................... 12

*Empire Today, LLC v. Nat'l Floors Direct, Inc.,*
788 F. Supp. 2d 7 (D. Mass. 2011) ......................................................................... 18

*Escude Cruz v. Ortho Pharmaceutical Corp.,*
619 F.2d 902 (1st Cir. 1980) ................................................................................... 19

*Feldman v. Twentieth Century Fox Film Corp.,*
723 F. Supp. 2d 357 (D. Mass. 2010) .............................................................. 13, 14

*Fischer v. Stiglitz,*
302 F. Supp. 3d 457 (D. Mass. 2018) ....................................................................... 7

*Germanowski v. Harris,*
854 F.3d 68 (1st Cir. 2017) ....................................................................................... 3

*Grice v. VIM Holdings Group, LLC,*
280 F. Supp. 3d 258 (D. Mass. 2017) ......................................................... 15, 18, 19

*Hagenah v. Berkshire County ARC,*
2018 WL 907407 (D. Mass. Feb. 15, 2018) ................................................... 9, 10, 11

*Hogar CREA, Inc. v. Hogar CREA Inter. Of Conn., Inc.,*
708 F. Supp. 2d 158 (D. P.R. 2009) ....................................................................... 17

*In re Lupron Mktg. & Sales Practices Litig.,*
245 F. Supp. 2d 280 (D. Mass. 2003) ..................................................................... 17

*Interface Group-Massachusetts, LLC v. Rosen,*
256 F. Supp. 2d 103 (D. Mass. 2003) ............................................................... 18, 19

*Irwin v. ZDF Enterprises GmbH,*
    2006 WL 374960 (S.D.N.Y. Feb. 16, 2006) ............................................... 12

*Kam Lee Yuen Trading Co., Inc. v. Hocean, Inc.,*
    2010 WL 3155812 (N.D. Cal. Aug. 9, 2010) ............................................... 6

*Labor Relations Div. of Constr. Indus. of Massachusetts, Inc. v. Healy,*
    844 F.3d 318 (1st Cir 2016) ........................................................................... 7

*Lelchook v. Islamic Republic of Iran,*
    224 F. Supp. 3d 108 (D. Mass. 2016) ........................................................ 16

*Martone Place, LLC v. City of Springfield,*
    2017 WL 5889222 (D. Mass. Nov. 29, 2017) ........................................... 8

*Micro/sys, Inc. v. DRS Techs., Inc.,*
    2015 WL 12748631 (C.D. Cal. Feb. 18, 2015) ........................................ 5

*M-R Logistics, LLC v. Riverside Rail, LLC,*
    537 F. Supp. 2d 269 (D. Mass. 2008) ................................................. 15, 18

*Photographic Illustrators v. Orgill, Inc.,*
    118 F. Supp. 3d 398 (D. Mass. 2015) ........................................................ 5

*Platten v. HG Bermuda Exempted Ltd.,*
    437 F.3d 118 (1st Cir. 2006) ..................................................................... 10

*President and Fellows of Harvard College v. Certplex, Ltd.,*
    2015 WL 10433612 (D. Mass. Nov. 25, 2015) ................................ 11, 14

*Santa-Rosa v. Combo Records,*
    471 F.3d 224 (1st Cir. 2006) ..................................................................... 12

*Spruce Envtl. Techs., Inc. v. Festa Radon Techs., Co.,*
    248 F. Supp. 3d 316 (D. Mass. 2017) ...................................................... 13

*Sybersound Records, Inc. v. UAV Corp.,*
    517 F. 3d 1137 (9th Cir. 2008) ............................................................. 5, 6

*Tegg Corp. v. Beckstrom Elec. Co.,*
    650 F. Supp. 2d 413 (W.D. Pa. 2008) ...................................................... 12

*Tingley Sys., Inc. v. CSC Consulting, Inc.,*
    152 F. Supp. 2d 95 (D. Mass. 2001) ............................................. 11, 12, 13

*Tomelleri v. Medl Mobile, Inc.,*
    657 F. App'x 793 (10th Cir. 2016) ........................................................... 17

*Touponce v. Town of Lee,*
    2018 WL 1698264 (D. Mass. Apr. 6, 2018) ............................................. 9

*Two Palms Software, Inc. v. Worldwide Freight Mgmt., LLC,*
    780 F. Supp. 2d 916 (E.D. Mo. 2011) ...................................................... 12

*U.S. v. Swiss American Bank, Ltd.,*
    191 F.3d 30 (1st Cir. 1999) ....................................................................... 16

*United Mine Workers of America v. Gibbs,*
   383 U.S. 715 (1966) ................................................................................................ 8

*Wentworth Precious Metals, LLC v. City of Everett,*
   2013 WL 441094 (D. Mass. Feb. 4, 2013) ................................................... 10, 11

*Ziglar v. Abbassi,*
   137 S. Ct. 1843 (2017) ......................................................................................... 10

## STATUTORY AUTHORITIES

15 U.S.C. § 1125 ........................................................................................................ 1, 4

17 U.S.C. §§ 101 *et seq* ........................................................................................... 1, 4, 6

17 U.S.C. § 301(a) ......................................................................................................... 12

17 U.S.C. § 501(b) ........................................................................................................... 1

28 U.S.C. § 1367 ............................................................................................................... 8

28 U.S.C. § 1391 ............................................................................................................. 15

28 U.S.C. § 1400 ....................................................................................................... 1, 15

M.G.L. Ch. 93A ............................................................................................................... 9

## RULES AND REGULATIONS

Fed. R. Civ. P. 4(d) .......................................................................................................... 2

Fed. R. Civ. P. 4(k)(2) ..................................................................................... 15, 16, 17

Fed. R. Civ. P. 12(b)(2) .................................................................................................... 2

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 2, 3

## PRELIMINARY STATEMENT

This entire lawsuit is a misguided attempt by Plaintiff, Alamite Ventures LP ("Alamite"), to enforce copyrights that it has no business or right to enforce.  Neither an owner nor an exclusive licensee to the copyrights at issue, Alamite does not have standing to avail itself of the protections afforded by the Copyright Act[1] and sue for alleged copyright infringement.[2]

In an attempt to work around its lack of standing, Alamite engages in legal gymnastics to seek an alternate way to assert claims of copyright infringement before the Court.  Revealingly, the Complaint (D.E. 1) ("Complaint") attempts to assert subject matter jurisdiction based on "the Copyright Act (17 U.S.C. § 101 et seq.)" (Compl. ¶ 14), and personal jurisdiction pursuant to 28 U.S.C. § 1400 (Compl. ¶ 35), a provision specific to copyrights.  Yet, it stops short of asserting a cause of action for copyright infringement.  Instead, Alamite seeks to hold its purported "competitor," Matvil Corp. ("Matvil"), and its principals, Mikhail Gayster ("Gayster") and Nataliya Viktorova ("Viktorova" and together with Gayster, the "Individual Defendants") (collectively, "Defendants"), liable under federal (the Lanham Act[3]) and state law (M.G.L. Ch. 93A and alleged civil conspiracy).

However, there simply is no cause of action for unfair competition rooted in claims of copyright infringement – especially for a copyright that the plaintiff lacks standing to assert.  Alleged misrepresentation of the licensed status of copyrighted works does not constitute a "misrepresent[ation of] the nature, characteristics, [or] qualities … of goods, services, or commercial activities" as required by the Lanham Act.  Nor should it; to hold otherwise would

---

[1] 17 U.S.C. § 101 *et seq.*
[2] *See* 17 U.S.C. § 501(b) (limiting causes of action only to a "legal or beneficial owner of an exclusive right under a copyright").
[3] 15 U.S.C. § 1125 *et seq.*

extend the exclusive rights granted by the Copyright Act to third parties without standing to litigate copyright infringement itself.  Likewise, the Chapter 93A and civil conspiracy claims are either inapplicable or preempted for the same reason.[4]

Moreover, Alamite asserts claims for personal liability against two Canadian individuals, Mikhail Gayster and Nataliya Viktorova, but does not allege what specific acts they performed that would subject them to this Court's jurisdiction.  Instead, Alamite makes only the briefest of conclusory allegations about their overall roles at Matvil, none of which provide a sufficient basis to exercise personal jurisdiction over the Individual Defendants.  Thereafter, each and every one of the remaining allegations in the Complaint is asserted on a collective basis against the "eTVnet Conspirators," defined as "all the Defendants jointly and severally."  Compl. ¶ 12.  Such blanket allegations cannot be read to specifically cover the Individual Defendants.

Accordingly, the Complaint should be dismissed in its entirety.

## PROCEDURAL HISTORY

Alamite filed the Complaint on December 14, 2017.  Pursuant to Federal Rule of Civil Procedure 4(d), Defendants agreed to waive service of process and, after a Court-approved extension, now timely bring this motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

## STATEMENT OF FACTS

Alamite is a foreign entity (Scotland) and Defendants are all foreign (Canada), as well.  Compl. ¶¶ 7-11.  Both Alamite and Defendants deliver streaming media over the Internet

---

[4] In any event, absent the Lanham Act claim, the Court should not retain jurisdiction over the state law claims where there is no diversity.

2

(Compl. ¶ 3), though the Complaint fails to allege whether the respective parties offer the same programming.

The gravamen of Alamite's allegations is that Defendants populate their offerings with purportedly infringing copyrighted content belonging to unrelated third-parties.  Alamite asserts that Defendants gain an unfair advantage over competitors, including, as alleged in the Complaint, Alamite.  Compl. ¶¶ 4-6.

## ARGUMENT

**I.     Alamite's Complaint Fails to State a Claim on Which Relief Can Be Granted**

### A.     Standard

In order to withstand a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the complaint must contain "enough facts to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  On the motion, the court must "ask whether the well-pleaded factual allegations, viewed in the light most favorable to the plaintiff, state a claim for which relief can be granted." *Germanowski v. Harris*, 854 F.3d 68, 71 (1st Cir. 2017).

Though Alamite's pleading lists state law causes of action first, Defendants will first address the claim for unfair competition under the Lanham Act, for without that claim there is no basis for federal question jurisdiction.[5]

---

[5] Alamite has not pleaded diversity jurisdiction and, in any event, there is no diversity in that all parties on both sides of the caption are aliens.

B.  **Alamite Fails to State a Claim for Unfair Competition under the Lanham Act**

   1.   The Lanham Act Does Not Extend to Claims Rooted in Copyright Infringement
        Claims

Alamite asserts unfair competition pursuant to § 43(a) of the Lanham Act, 15 U.S.C.

§ 1125(a), and contents that Defendants create "an unlawful, unfair and deceptive advantage

over competitors" (Compl. ¶ 47) by "actions and omissions … [that allegedly] constitute[]

infringement of copyright pursuant to 17 U.S.C. § 101 *et seq.*"  Compl. ¶ 45.  Alleging that

Defendants "do not pay licensing fees for these titles," Alamite concludes that Defendants are

able to (a) offer content that would not otherwise be available, and (b) price their content below

those of any unspecified "legitimate competitor."  Compl. ¶ 48.  The Complaint makes the bare

allegation that Alamite is "one such competitor" (Compl. ¶ 49), but makes no other statement to

support this conclusory statement.  With regard to the Lanham Act, Alamite alleges that

Defendants use "false and/or misleading descriptions and representations of fact (i) in

commercial advertising or promotions" (Compl. ¶ 64), and (ii) to "misrepresent the nature,

characteristics and qualities" of Defendants' service.  Compl. ¶ 65.

Read in the light most favorable to Alamite, the Complaint can be read to allege a claim

pursuant to 15 U.S.C. § 1125(a)(1)(B) based on Defendants' purported false and misleading

misrepresentations about the licensing status of certain content they distribute from their service,

which thereby misrepresents "the nature, characteristics, [or] qualities" of their service to the

detriment of Alamite.

The Supreme Court has ruled that courts must be very careful to prevent the "misuse or

over-extension" of 15 U.S.C. § 1125 to areas traditionally occupied by copyright.  *Dastar Corp.*

*v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 34 (2003).  Following the principles set forth

in *Dastar*, courts have held that the Lanham Act does not apply to claims asserting that a party

falsely advertised its license or authorization to distribute works protected by copyright. *Sybersound Records, Inc. v. UAV Corp.*, 517 F. 3d 1137, 1144 (9th Cir. 2008); *see also Photographic Illustrators v. Orgill, Inc.*, 118 F. Supp. 3d 398, 411 (D. Mass. 2015) (noting that licensing status of a copyright recording is not a "characteristic" under 15 U.S.C. § 1125(a)(1)(B)); *Micro/sys, Inc. v. DRS Techs., Inc.*, 2015 WL 12748631, at *2 (C.D. Cal. Feb. 18, 2015) ("Other courts have similarly concluded that other Lanham Act claims alleging misrepresentations about licensing status – whether tethered to a false designation or false association theory – are precluded by *Dastar.*"); *Agence France Presse v. Morel*, 769 F. Supp. 2d 295, 307-08 (S.D.N.Y. 2011) (false statements that defendants were authorized to distribute images did not concern the "nature, characteristics, qualities, or geographic origin" of photos).

Instead, as explained by the Ninth Circuit in *Sybersound*, "the nature, characteristics, and qualities of [audiovisual recordings] under the Lanham Act are more properly construed to mean characteristics of the good itself, such as the original song and artist of the … recording, and the quality of its audio and visual effects." 517 F.3d at 1144.  The court declined to "[c]onstru[e] the Lanham Act to cover misrepresentations about copyright licensing status." *Id.*

Particularly where such Lanham Act claims are brought by a plaintiff who would otherwise lack standing to bring a copyright infringement claim, courts refuse to open a back door to circumvent those standing requirements and expand copyright protection beyond its intended bounds.  Noting "the Copyright Act's goal of providing a statutory scheme granting rights only to copyright owners," the *Sybersound* Court specifically held that "third party strangers and nonexclusive licensees cannot bring suit to enforce a copyright [under the Lanham Act], even if an infringer is operating without a license to the detriment of a nonexclusive licensee who has paid full value for his license." 517 F. 3d at 1144.  To construe the Lanham

Act any differently "would allow competitors engaged in the distribution of copyrightable materials to litigate the underlying copyright infringement when they have no standing to do so." *Id.* at 1144.[6]

The holding of *Sybersound* and the other cases cited above precludes Alamite's claim. Alamite does not have standing to bring a copyright infringement action; it does not allege to own or have an exclusive license to the titles identified in Paragraph 40 of its Complaint.[7] Nevertheless, Alamite is attempting to enforce these copyrights – despite such rights being expressly reserved to a copyright owner or exclusive licensee. Indeed, an allegation of copyright infringement is expressly made in the Complaint: "The actions and omissions of the eTVnet Conspirators constitutes infringement of copyrights pursuant to 17 U.S.C. § 101 et seq." Compl. ¶ 45. Allowing Alamite to use a back door to gain access to the Court would circumvent the specific limitations authorized by the Copyright Act and go beyond the bounds of the Lanham Act. Alamite's Lanham Act claim must therefore be dismissed as a matter of law, as outside the scope of the Lanham Act.

2.   Alamite's Lanham Act Allegations Are Otherwise Insufficient to State a Claim

Even if the Lanham Act covered the conduct alleged, Alamite's conclusory allegations of unfair competition are nothing more than legal conclusions that fail to allege a plausible claim.

In order to sustain a claim under the Lanham Act for such conduct, Alamite must adequately plead that Defendants

---

[6] In comparable situations, Courts recognize the reluctance to bring a Lanham Act claim if it "would indirectly eviscerate the standing requirements of other causes of action." *Kam Lee Yuen Trading Co., Inc. v. Hocean, Inc.*, 2010 WL 3155812, at *3 (N.D. Cal. Aug. 9, 2010) (where Plaintiff does not have standing to bring a trademark infringement claim, Lanham Act should not provide a "back door" for such claim").
[7] Defendants note that Alamite does not even allege that it has a non-exclusive license to the copyrights at issue in this action

> (1) made a false and misleading description of fact (or representation of fact) in a commercial advertisement, about his own or another's product; (2) that the misrepresentation was material in that it was likely to influence a purchasing decision; (3) that the misrepresentation actually deceived or had a tendency to deceive a substantial segments [*sic*] of its audience; (4) that the Defendant[s] placed the false and misleading statement in interstate commerce; and (5) that … Plaintiff has been or is likely to be injured as a result of the misrepresentation.

*Fischer v. Stiglitz*, 302 F. Supp. 3d 457, 459 (D. Mass. 2018).

Read in the light most favorable to Alamite, the Complaint's allegations concern Defendants' supposed misrepresentation that their content is fully licensed and that they have harmed Alamite by distributing content as to which they have no license.  Yet, most of the requisite allegations in the Complaint are wholly conclusory and insufficient to state a claim. *See Labor Relations Div. of Constr. Indus. of Massachusetts, Inc. v. Healy*, 844 F. 3d 318, 327 (1st Cir 2016) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Alamite skims over crucial allegations necessary to try to establish the very first element of its claim.  It provides only a cursory statement about the "deceptive market[ing]" carried out by Defendants and provides no examples of the statements made or strategies employed by Defendants.  Compl. ¶ 38.  Nor does Alamite describe how it competes with Matvil[8] (which goes to the necessary pleading of a resulting injury); in particular, Alamite does not state whether it distributes (or has a license to) any of the content that Matvil purportedly distributes without authorization.  Its conclusory allegations not only fail to provide any insight into the alleged "unfair" conduct, but into the underlying copyright infringement, as well.  Aside from a cursory list of titles, the purported identification of certain copyright holders, and handful of conclusory

---

[8] Alamite notes that it distributes "thousands of titles" (Compl. ¶ 50), but conspicuously fails to identify any of the content available on its site, much less allege that it distributes content to Matvil's target market, Russian language speakers.

statements that Defendants are distributing content without authorization (Compl. ¶¶ 39-47), Alamite fails to provide even the most basic information about its claim.  With nothing more than threadbare allegations, Alamite's claim should be dismissed.

### C.  Alamite's State Law Causes of Action Should Be Dismissed

1.   If the Lanham Act Claim is Dismissed, This Court Does Not Have Subject Matter Jurisdiction over, and Should Dismiss, the State Law Claims

Upon the dismissal of Alamite's Lanham Act claim, this Court should decline to exercise pendent jurisdiction over Alamite's remaining state law claims.  "Well-established authority makes clear that supplemental state law claims may, and usually should, be dismissed when all underlying federal claims are dismissed at the outset of a case." *Martone Place, LLC v. City of Springfield*, 2017 WL 5889222, at *2 (D. Mass. Nov. 29, 2017) (citing 28 U.S.C. § 1367)(c)(3)); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, … the state claims should be dismissed as well.").  The Court has discretion in the matter and can consider judicial economy, convenience, fairness, and comity in making its decision.  *See Camelio v. Am. Fed'n, 137 F.3d 666, 672 (1st Cir. 1998)*. First Circuit precedent has established that, more times than not, "the balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation." *Id.*

Alamite purports to base subject matter jurisdiction on both the Lanham Act and the Copyright Act.  Compl. ¶ 14.  Neither of these federal causes of action can survive dismissal. Alamite's Lanham Act is merely a disguised copyright action and should be dismissed as such. *See supra* § I.B.  Moreover, Alamite asserts no actual cause of action for copyright infringement – nor can it, as Alamite, a Scottish distributor of unidentified programs, never alleges that it is the copyright owner or exclusive licensee of the purported works.

Alamite's remaining causes of action, civil conspiracy and unfair business practices claims, are brought pursuant to and will require interpretation of state law and relevant state statutory provisions. *See, e.g.*, M.G.L. Ch. 93A. Particularly where, as here, Alamite's case is in its infancy, such causes of action should be dismissed. *See, e.g.*, *Provost v. Massachusetts Dep't of Correction*, 284 F. Supp. 3d 117, 124 (D. Mass. 2018) ("Having dismissed plaintiff's only federal claim, this court declines to exercise pendent jurisdiction over his remaining state law claim…."); *Touponce v. Town of Lee*, 2018 WL 1698264, at *8 (D. Mass. Apr. 6, 2018) (declining to exercise jurisdiction over remaining state claim after dismissing federal claims).

   2. <u>Alamite Does Not State a Claim for Civil Conspiracy</u>

Alamite's cause of action for civil conspiracy fails for more than one reason. It is an alleged "conspiracy of one" based entirely on intracompany activity, and in any event, is preempted by the Copyright Act. Accordingly, this claim should be dismissed.

   a. <u>*Alamite's Alleged "Conspiracy of One" Does Not Give Rise to a Cause of Action*</u>

Massachusetts law recognizes two types of civil conspiracy: "one is a 'true conspiracy,' which occurs when the conspirators, acting in unison, exercise a peculiar power of coercion over a plaintiff that they would not have had if they had acted alone; the other ascribes liability to those who substantially assist or encourage others to commit torts." *Bell v. Rinchem Co., Inc.*, 2014 WL 11290899, at *17 (D. Mass. Mar 10, 2016); *see also Hagenah v. Berkshire County ARC*, 2018 WL 907407, at *7 (D. Mass. Feb. 15, 2018) (recognizing the "so-called 'true conspiracy' and conspiracy based on section 876 of the Restatement (Second) of Torts").

Regardless of which type of conspiracy is alleged,[9] a plaintiff must assert "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Bell*, 2014 WL 11290899, at *17 (internal quotations omitted).

Where the two or more persons alleged to have participated in the conspiracy are agents of the same entity, the Supreme Court has recognized the intracorporate conspiracy doctrine. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017). The theory, which "developed from the requirement that a conspiracy necessarily involves more than one separate actor," *Hagenah*, 2018 WL 907407 at *8, dictates that "an agreement between or among agents of the same legal entity, when the agents act in their official capacities, is not an unlawful conspiracy." *Ziglar*, 137 S. Ct. at 1867. Acting within the scope of their duties, agents' actions are, "as a practical and legal matter … attributed to their principal." *Ziglar*, 137 S. Ct. at 1867. Because an agency "cannot conspire with itself," *Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 131 (1st Cir. 2006), such allegations amount to no more than a "conspiracy of one." *Wentworth Precious Metals, LC v. City of Everett*, 2013 WL 441094, at *14 (D. Mass. Feb. 4, 2013). "Even joining officers of a corporation … in their *individual* capacities is not enough to make them persons separate from the corporation in legal contemplation if they are acting in the course of their employment." *Wentworth*, 2013 WL 441094, at *14 (emphasis added) (internal quotations and citations omitted).

On its face, Alamite's claim alleges that multiple actors – the "eTVnet Conspirators," which it defines to include Matvil, Viktorova, and Gayster – acted in concert to perpetrate a

---

[9] Alamite fails to specify what type of conspiracy it is alleging, and Defendants will not venture to reconstruct and decipher Alamite's allegations. Regardless, Alamite's claim fails under either theory.

wrong.  Compl. ¶¶ 12, 54-56.  Alamite asserts that Viktorova and Gayster are the owners,
directors, officers, managers, employees, and agents of Matvil and explicitly alleges that they
were "at all times … acting within the course and scope of such agency and/or employment."
Compl. ¶¶ 9-11.  Viktorova's and Gayster's actions must therefore be "attributed to" Matvil.
*Hagenah*, 2018 WL 907407, at *8.  Because Matvil cannot conspire with itself, Alamite's claim
fails as a matter of law and must be dismissed.  *See, e.g.*, *id.* (dismissing conspiracy claim against
various employees of the same corporation acting in the scope of their employment pursuant to
intracorporate-conspiracy doctrine); *Bell*, 2014 WL 11290899, at *17 (dismissing civil
conspiracy claim alleging vicarious liability for employees acting within the scope of their
employment); *Wentworth*, 2013 WL 441094, at *14 (dismissing conspiracy complaint as being a
conspiracy of one where the alleged conspiracy was between the City and those who were
employed by the City).

### b.  *Alamite's Conspiracy Claim is Preempted by the Copyright Act*

Even if legally actionable, Alamite's claim for civil conspiracy seeks to enforce rights
within the scope of copyright law.  Section 301(a) of the Copyright Act expressly "precludes the
enforcement of any state cause of action that is equivalent in substance to a federal copyright
infringement claim."  17 U.S.C. § 301(a); *see also President and Fellows of Harvard College v.
Certplex, Ltd.*, 2015 WL 10433612, at *2 (D. Mass. Nov. 25, 2015).  For the Copyright Act to
preempt a state-law claim, (1) the subject of the state claim must constitute a work protected
under the Copyright Act, and (2) the state law claim must provide a right equivalent to those
provided by the Copyright Act.  *Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95,
104-05 (D. Mass. 2001).  To determine whether a right is "equivalent," courts focus on what the
plaintiff seeks to protect.  *Id.*  Courts in this Circuit apply a functional test to assess whether a

cause of action requires "an element beyond 'mere copying, preparation of derivative works, performance, distribution or display.'" *Santa–Rosa v. Combo Records*, 471 F.3d 224, 226 (1st Cir. 2006). Such additional element must be "*qualitatively different* from … a copyright infringement claim" and "change the nature of the action." *Tingley*, 152 F. Supp. 2d at 105 (emphasis in original). Thus, elements of awareness, intent, or commercial malfeasance are not sufficient to save a state claim from preemption. *Id.*

Here, Alamite does not dispute that the subjects of its claim, the titles listed in paragraph 40 of the Complaint, are copyrighted works protected by federal law. Nor does Alamite allege that Defendants conspired to commit any tort or wrong other than copyright infringement; the civil conspiracy claim is rooted in – and ultimately seeks to enforce – copyright law. Despite the fact that a civil conspiracy requires the pleading of an "additional" element (a meeting of the minds), courts assessing similar claims have held that such claims are not qualitatively different from copyright infringement claims. *See, e.g.*, *Dutch Jackson IATG, LLC v. Basketball Mktg. Co.*, 846 F. Supp. 2d 1044, 1051 (E.D. Mo. 2012) (dismissing conspiracy claims as preempted by Copyright Act); *Two Palms Software, Inc. v. Worldwide Freight Mgmt., LLC*, 780 F. Supp. 2d 916, 921–22 (E.D. Mo. 2011) (same); *Tegg Corp. v. Beckstrom Elec. Co.*, 650 F. Supp. 2d 413, 427–28 (W.D. Pa. 2008) (dismissing civil conspiracy claim, "whether brought under Pennsylvania, Virginia, or Delaware law, [because it] contains no extra elements … that make it qualitatively different than a claim of copyright infringement"); *Irwin v. ZDF Enterprises GmbH*, 2006 WL 374960, at *3-5 (S.D.N.Y. Feb. 16, 2006) ("[T]he nature of the misconduct that conspiracy law seeks to redress is not qualitatively different from that addressed by contributory and vicarious infringement claims."). Indeed, "[b]ecause copyright law already recognizes the concept of contributory infringement and vicarious copyright infringement, … a civil conspiracy

claim does not add substantively to the underlying federal copyright claim." *Dutch Jackson*, 846 F. Supp. 2d at 1051; *see also Tingley*, 152 F. Supp. 2d at 114 ("Copyright law imposes contributory and vicarious liability on accused copyists for committing preempted conduct such as copying and using protected material.").  Consequently, Alamite's civil conspiracy claim must be dismissed.

>       3.   Alamite Does Not State a Massachusetts Unfair Competition Claim

Alamite's claim for unfair competition pursuant to M.G.L. Ch. 93A should also be dismissed.  Because "[f]alse advertising claims under the Lanham Act and Chapter 93A rise and fall together," Alamite's failure to adequately plead its Lanham Act claim likewise requires dismissal of its Chapter 93A cause of action.  *Spruce Envtl. Techs., Inc. v. Festa Radon Techs., Co.*, 248 F. Supp. 3d 316, 321 (D. Mass. 2017); *see also Empire Today, LLC v. Nat'l Floors Direct, Inc.*, 788 F. Supp. 2d 7, 26 (D. Mass. 2011) ("To establish a false advertising claim under Chapter 93A, a plaintiff must prove all of the elements of a false advertising claim under Section 43(a) of the Lanham Act.").

In any event, Alamite's unfair competition claim is preempted by the Copyright Act. Applying the same preemption analysis as above (*see supra* § I.C.2.b) to Chapter 93A claims, "labeling conduct commercially immoral or, as under chapter 93A, unfair, immoral, unethical, or unscrupulous, does not save a chapter 93A claim from preemption."  *Tingley*, 152 F. Supp. 2d at 108.  Particularly where such claims are based on misappropriation theories (as opposed to "passing off" or "palming off" theories), courts in this Circuit routinely hold that such claims are preempted.  *See, e.g.*, *id.*; *Feldman v. Twentieth Century Fox Film Corp.*, 723 F. Supp. 2d 357, 368 (D. Mass. 2010) ("Courts in this circuit have repeatedly held misappropriation, unfair

competition, and unjust enrichment claims, when based on the same allegations as [a] copyright claim, to be preempted."); *Harvard*, 2015 WL 10433612, at *3.

In this case, the alleged "unfair" practice is inseparable from infringement.  Although Alamite summarily concludes that Defendants "deceptively market" their services, Compl. ¶ 38, the gravamen of its claim – and what Alamite seeks to protect against – is alleged copyright infringement.  *See* Compl. ¶ 45 (alleging that Defendants' actions constitute copyright infringement).  Such claims are preempted by federal copyright law.  *See, e.g.*, *Harvard,* 2015 WL 10433612, at *3 (dismissing Chapter 93A claim as preempted because "the rights that Harvard seeks to protect in that context are substantively equivalent to the rights exclusively protected by the Copyright Act"); *Feldman*, 723 F. Supp. 2d at 368 (dismissing unfair competition claim, which was "based on the same conduct as her copyright claim," as preempted).  Even Alamite's allegation that Defendants "instituted a sophisticated scheme to avoid getting caught" (Compl. ¶ 44) is insufficient to change this conclusion.  Indeed, "[m]erely characterizing defendants' conduct as using 'techniques to conceal' falls short of identifying an unfair or deceptive act or practice that would save a Chapter 93A claim from preemption." *Harvard*, 2015 WL 10433612, at *3.  Alamite's claim thus fails to present a cause of action substantively different than alleged copyright infringement, and should therefore be dismissed as preempted.

## II.    The Court Does Not Have Personal Jurisdiction over the Individual Defendants.

Alamite alleges that this Court has personal jurisdiction over Defendants pursuant to 28 U.S.C. §§ 1391 and 1400, as well as Federal Rule of Civil Procedure 4(k)(2).  Compl. ¶¶ 33, 35.  Neither section 1391 nor section 1400 are relevant to this analysis; section 1391 concerns venue, while section 1400 is limited to actions arising under the Copyright Act.  Consequently, of these

pleaded bases for personal jurisdiction, only Rule 4(k)(2) could provide a basis for jurisdiction. However, for the reasons discussed below, Alamite has not met its burden to avail itself of that basis.

As a result, this Court can only exercise personal jurisdiction over the Individual Defendants to the extent permitted under Massachusetts law. And since Alamite has not pleaded a valid basis for personal jurisdiction over the Individual Defendants, the Court should dismiss all claims against the Individual Defendants.

### A. Standard for Personal Jurisdiction

A plaintiff ultimately bears the burden of persuading a court that it had jurisdiction over a defendant. *See Grice v. VIM Holdings Group, LLC*, 280 F. Supp. 3d 258, 269 (D. Mass. 2017). In ruling on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the "'most conventional' and 'most commonly used'" method, the prima facie standard, governs the court's determination. *M-R Logistics, LLC v. Riverside Rail, LLC*, 537 F. Supp. 2d 269, 274 (D. Mass. 2008). Under the prima facie standard, the plaintiff must "go beyond the pleadings and make affirmative proof" to demonstrate the existence of personal jurisdiction. *Grice*, 280 F. Supp. 3d at 269. "Conclusory allegations or farfetched inferences in the pleading will not be sufficient to make" this showing. *Id.*

### B. Personal Jurisdiction Cannot be Asserted Pursuant to Federal Rule of Civil Procedure 4(k)(2)

Federal Rule of Civil Procedure 4(k)(2) is "a catch-all personal jurisdiction provision that functions as a sort of federal long-arm statute." *Lelchook v. Islamic Republic of Iran*, 224 F. Supp. 3d 108, 115 (D. Mass. 2016). The First Circuit has articulated the three elements … required for the exercise of personal jurisdiction under Rule 4(k)(2): (1) the plaintiff's claim must arise under federal law; (2) the defendant must be beyond the jurisdictional reach of any

state court of general jurisdiction; and (3) the exercise of jurisdiction must not violate the defendant's rights under the Constitution or federal law. *U.S. v. Swiss American Bank, Ltd.*, 191 F.3d 30, 38 (1st Cir. 1999). The second requirement, commonly called the "negation requirement," requires a plaintiff to "certify that, based on the information that is readily available to the plaintiff and his counsel, the defendant is not subject to suit in the courts of general jurisdiction of any state." *Id.* at 41. "Without such certification, Rule 4(k)(2) does not apply." *Lelchook*, 224 F. Supp. 3d at 116.

Alamite did not even attempt to meet the negation requirement.[10] Alamite's analysis begins and ends with the overly-simplified and incorrect assertion that Rule 4(k)(2) subjects "any alien defendant … to jurisdiction in any district." Compl. ¶ 33. This allegation is a far cry from the express certification necessary to exercise jurisdiction pursuant to this Rule over the Defendants. *See Lelchook*, 224 F. Supp. 3d at 116 (refusing to exercise jurisdiction pursuant to Rule 4(k)(2) because "plaintiffs have failed to make an express certification"); *In re Lupron Mktg. & Sales Practices Litig.*, 245 F. Supp. 2d 280, 302-03 (D. Mass. 2003) ("The Rule requires plaintiffs to certify that to their knowledge, based on information that is 'readily available,' [the defendant] is not subject to the jurisdiction of any state court. This they have not done."). Because Alamite has failed to meet this requirement, the Court cannot base jurisdiction on Rule 4(k)(2).

---

[10] The first element is not in dispute. Alamite has brought the claim under the Lanham Act. *See* Compl. ¶ 14. Furthermore, since Alamite does not meet the second element (the negation requirement), Defendants do not address the third element except to note that Alamite has not pleaded any other specific conduct as to the Individual Defendants either in, or directed to, other Districts in the United States. Thus, for the same reasons that it would be improper to exercise jurisdiction under Massachusetts law (*see infra* § II.C), it would be improper to exercise jurisdiction based on this Rule.

### C. Alamite Has Not Adequately Alleged Personal Jurisdiction over the Individual Defendants under Massachusetts Law

Even if Alamite grounds jurisdiction in the Lanham Act (and thus under federal law), it cannot establish personal jurisdiction over the Individual Defendants because it has not alleged the Individual Defendants' individual in-forum contacts or participation in Matvil's alleged wrongdoing.

"The Lanham Act, the federal statute at issue here,[11] does not provide for nationwide service of process." *Hogar CREA, Inc. v. Hogar CREA Inter. Of Conn., Inc.*, 708 F. Supp. 2d 158, 166 (D. P.R. 2009) (citing *Girl Scouts of the United States v. Steir*, 102 F. App'x 217, 219 (2d Cir. 2004)).  Where the federal statute at issue does not include a service of process provision, the exercise of personal jurisdiction is analyzed based on the law of the state in which the district court sits.  *Hogar*, 708 F. Supp. 2d at 166 (citing *Lorelei Corp. v. County of Guadalupe*, 940 F.2d 717, 720 (1st Cir. 1991)).  Accordingly, the Court's ability to exercise personal jurisdiction in this matter is analyzed under Massachusetts law.

Massachusetts's long-arm statute is "coextensive with the limits allowed by the United States Constitution." *Grice*, 280 F. Supp. 3d at 269.  Proceeding directly to the Constitutional analysis, a court has specific jurisdiction[12] where "the defendant has maintained certain

---

[11] Alamite also cites the Copyright Act as a basis for the Court's subject matter jurisdiction over this matter.  However, Alamite does not, and cannot, assert a copyright infringement action, nor can it, as it lacks the standing to do so.  In any event, Defendants' jurisdictional analysis would be the same regardless of whether Alamite had a legally viable copyright claim because the Copyright Act does not provide for nationwide service of process.  *See, e.g.*, *Tomelleri v. Medl Mobile, Inc.*, 657 F. App'x 793, 795 (10th Cir. 2016) ("[T]he Copyright Act … does not provide for nationwide service of process.").

[12] "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile…." *Grice*, 280 F. Supp. 3d at 269.  Since Alamite pleads that the Individual Defendants reside in Ontario, Canada (Compl. ¶¶ 9-10) and never states or insinuates that jurisdiction is otherwise based on physical presence, the Court cannot exercise general jurisdiction over the Individual Defendants.

minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* at 270.  The First Circuit has adopted a three-part inquiry to conduct this analysis.  "First, the legal claims must relate to or arise out of the defendant's contacts in the forum.  Second, the defendant's contacts must constitute 'purposeful availment of the benefits and protections' of the forum's laws.  Third, the exercise of jurisdiction must be reasonable." *Id.*

"It is well established that jurisdiction over individual officers of a corporation may not be based on jurisdiction over the corporation." *Grice*, 280 F. Supp. 3d at 277; *see also Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 906 (1st Cir. 1980).  To establish personal jurisdiction over individual defendants, a plaintiff must establish an independent basis premised on the following grounds:  (1) their activities as corporate officers, acting on behalf of the corporation, (2) their activities by disregarding the corporate form, or (3) their activities operating independently of the corporation.  *See M-R Logistics*, 537 F. Supp. 2d at 279.  This is a separate and distinct analysis unrelated to the question of whether the Court has jurisdiction over the corporation.  *See Interface Group-Massachusetts, LLC v. Rosen*, 256 F. Supp. 2d 103, 105 n.2 (D. Mass. 2003) ("Even assuming that personal jurisdiction over [corporation] is proper in [a Massachusetts] court … such fact is not relevant to this Court's separate and distinct determination of personal jurisdiction over [the officer] individually.").

Here, Alamite has failed to establish an independent premise for the exercise of jurisdiction over the Individual Defendants.  It mentions only the Individual Defendants' positions in Matvil – "owner[s], director[s], officer[s], manager[s], employee[s] and agent[s] of Matvil; that Gayster is "the guiding spirit and force of Matvil's operations;" and that Viktorova is married to Gayster (Compl. ¶¶ 9-11) – and thereafter lumps them together with Matvil as the

"eTVnet Conspirators."  Compl. ¶¶ 15-35.  Alamite's allegations about the "eTVnet Conspirators" are conspicuously silent as to the Individual Defendants' specific roles.  Far from allegations detailing individual activities as corporate officers, an identity of interest with Matvil, or personal activities and obligations beyond the Individual Defendants' corporate roles, Alamite's assertions are only "conclusory allegations that the [Individual Defendants] control[] the corporation."  *Grice*, 280 F. Supp. 3d at 279.  Such allegations are patently insufficient and do not make a prima facie showing of jurisdiction over the Individual Defendants.  *See, e.g.*, *id.* at 278-80 (dismissing claims against individual defendants where plaintiff did not sufficiently detail actions taken by individual defendants); *M-R Logistics*, 537 F. Supp. 2d at 279 (refusing to exercise jurisdiction where plaintiff failed to establish independent basis for jurisdiction over individual defendants); *Interface*, 256 F. Supp. 2d at 107-08 (dismissing for lack of personal jurisdiction where corporate individuals' actions were unrelated to the ultimate cause of action).  Alamite's claims against the Individual Defendants should therefore be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants' motion to dismiss should be granted in its entirety and the Complaint should be dismissed with prejudice.

**MATVIL CORP., MIKHAIL GAYSTER, AND NATALIYA VIKTOROVA**

By their attorneys,

/s/ *Peter C. Netburn*
Peter C. Netburn, BBO No.: 546935
pnetburn@hermesnetburn.com
HERMES, NETBURN, O'CONNOR
        & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113
 (617) 728-0050

-and-

David G. Liston (admitted pro hac vice)
(david.liston@lbkmlaw.com)
Alex G. Patchen (admitted pro hac vice)
(alex.patchen@lbkmlaw.com)
LEWIS BAACH KAUFMANN
MIDDLEMISS PLLC
The Chrysler Building
405 Lexington Avenue, 62nd Floor
New York, New York 10174

Dated:  July 10, 2018                                    Tel.: (212) 826-7001


## CERTIFICATE OF SERVICE

Pursuant to Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as non-registered participants, if any, on July 10, 2018.

/s/ *Peter C. Netburn*
Peter C. Netburn

{H0053037.1}